IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARTINA STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-0376-CV-W-ODS |
| ) | |
| STRYKER CORPORATION and ) | |
| STRYKER SALES CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION GRANTING MOTION TO SET REASONABLE FEE (DOC. 29)

Defendants move to limit the fees to be paid to John Gillen, MD, for his deposition testimony. The Court grants the motion.

### I. BACKGROUND

Plaintiff Martina Stewart alleges a pain pump manufactured by Defendants injured her. The pain pump was implanted in her knee during surgery performed by Dr. Gillen. Stewart identified Dr. Gillen as a fact witness in her initial disclosures.

When Defendants attempted to schedule Dr. Gillen's deposition they were informed he would charge $5,000 for three hours of testimony (about $1,666 per hour). Stewart indicated she would not oppose a motion to reduce Dr. Gillen's hourly fee, and Defendants filed this motion.

The Court ordered Defendants to serve their motion on Dr. Gillen, and the Court allowed Dr. Gillen until May 29, 2012, to file suggestions in opposition. No opposition was filed.

### II. DISCUSSION

Fed. R. Civ. P. 26(b)(4)(A) states "[a] party may depose any person who has

been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(E) states:

> Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> > (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . .

There is a split of authority over whether treating physicians qualify as experts entitled to the fee provided in Rule 26(b)(4)(E)(i). *See* 8A Fed. Prac. & Proc. Civ. § 2034 nn. 1 & 9–11 (3d ed.) (citing cases). Some cases hold treating physicians are only entitled to the statutory attendance fee of $40 provided in 28 U.S.C. § 1821(b). *See id.* Defendants mention cases that hold this, but they do not commit themselves to arguing Dr. Gillen is only entitled to $40.

Defendants argue Dr. Gillen's hourly deposition rate should be set at $750 to $1,000. This is a higher expert fee than what other courts have set for experienced orthopedic surgeons. *See, e.g., Broushet v. Target Corp.*, 274 F.R.D. 432, 433–34 (E.D.N.Y. 2011) (setting rate of $400 per hour for "clearly an experienced orthopedist and spine surgeon whose role in this lawsuit is that of a treating physician who is also being proffered as an expert"); *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 546–47 (D. Ariz. 1999) (setting rate of $450 per hour "unquestionably a highly skilled and knowledgeable expert witness as he is a board-certified orthopedic surgeon, specializing in the spine and practicing medicine since 1986").

Relevant factors to consider include the following: area of expertise; education and training required to provide the expert insight sought; prevailing rates of comparable experts; nature quality, and complexity of testimony sought; fee being charged to the party who retained the expert; and fees traditionally charged by the expert. *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 495–96 (S.D. Iowa 1992).

The latter two factors are unknown. As for the others, Dr. Gillen is a board certified orthopedic surgeon specializing in sports medicine and arthroscopy, and he will testify about the knee surgery he performed. Also, Defendants have submitted

evidence that another orthopedic surgeon in the KC area only charges $750 per hour for depositions. Considering these factors, the Court finds that $750 per hour is a reasonable fee under Fed. R. Civ. P. 26(b)(4)(E) for Dr. Gillen's deposition testimony.

### III. CONCLUSION

Defendants' motion is granted. Defendants shall pay Dr. Gillen $750 per hour for his deposition testimony.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 30, 2012     UNITED STATES DISTRICT COURT

3